UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOAN LASKOWSKI and )<br>DANIEL M. COOK, )<br>      Plaintiffs, )<br>)<br>  vs. )<br>)<br>MARGARET SPELLINGS, in her )<br>official capacity as Secretary of the )<br>United States Department of Education, )<br>      Defendant, )<br>)<br>      and )<br>)<br>UNIVERSITY OF NOTRE DAME, )<br>      Defendant-Intervenor. ) | 1:03-cv-1810-LJM-WTL |

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the Court on Cross Motions for Summary Judgment filed by the Plaintiffs, Joan Laskowski and Daniel M. Cook ("Plaintiffs"), Defendant Margaret Spellings ("Spellings"), and Defendant-Intervenor the University of Notre Dame ("Notre Dame") (collectively "Defendants"). Plaintiffs allege that Spellings, Secretary of the United States Department of Education ("DOE"), violated the Establishment clause by providing federal funding to Notre Dame's Alliance for Catholic Education ("ACE") replication program when eligibility for grant P116Z000012 (the "Grant") was not determined neutrally, the Grant was not allocated based on private choices, and the Grant money was not tracked or monitored to ensure that it was not actually diverted to religious use. *See* Pl.'s Br. Supp. at 1.

For the reasons stated herein, the pending Summary Judgment motions are **DENIED AS MOOT** and the case is hereby **DISMISSED** with prejudice.

## I. **DISCUSSION**

Under Article III, "cases that do not involve actual, ongoing controversies are moot and must be dismissed for lack of jurisdiction." *Wisconsin Right to Life v. Schober*, 366 F.3d 485, 490-91 (7th Cir. 2004) (internal quotations omitted). Mootness is often described as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Id*. at 491 (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22 (1997); *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)).

This case concerns a Fiscal Year 2000 Congressional earmark Grant awarded to Notre Dame. *See* Pub. Law 106-113 § 309 (Nov. 29, 1999). Notre Dame applied to the DOE for $462,500 to work with four other colleges and universities to replicate its ACE program. Def.'s Exh. 1 at DOE 00008-0024. In June 2000, the DOE awarded Notre Dame the Grant for the period from January 6, 2000, to December 31, 2004. Stip. to Facts, ¶¶ 4, 8; Def.'s Exh. 2 at DOE 00025-00027. The Grant monies were spent on salary, benefits, and travel expenses for the director and associate director of the ACE program and copying of documents. Def's Exh. 12 at DOE02562, DOE02563, DOE02574. As of December 8, 2004, all of the funds had been withdrawn from the account. *See* Johnson Decl. ¶ 5. Plaintiffs, federal taxpayers, filed this lawsuit on December 2, 2003, and their amended complaint on December 11, 2003. *See* Docket Nos. 1, 6. Defendant filed its answer on March 2, 2004, and discovery remained open until October 11, 2004. *See* Doc. Nos. 26, 45.

Defendants argue that Plaintiffs' Establishment Clause challenge to the Grant is moot because the Grant period expired as of December 31, 2004, and the funds have been spent as of December 8, 2004. A claim must be dismissed as moot "if an event occurs [pending review] that

makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895). A change in circumstances after the filing of the lawsuit, such as the repeal (or expiration) of the challenged statute, may moot a claim. *See e.g., Fed'n of Adver. Indus. Reps., Inc. v. City of Chi.*, 326 F.3d 924, 929 (7th Cir. 2003) (citing *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1510 (9th Cir. 1994) ("As a general rule, if a challenged law is repealed or expires, the case becomes moot" except where "it is virtually certain that the repealed law will be reenacted.")).

Because the challenged Grant appropriation no longer exists, there ordinarily can be no real controversy as to its validity. Plaintiffs' Amended Complaint requests injunctive and declaratory relief to enjoin Spellings to withdraw her approval of the Grant. *See* Amend. Comp., ¶ 1. While it may have been a proper remedy before the Grant expired to ask the Court to enjoin Defendant to withdraw his approval of the Grant, that remedy is no longer appropriate.[1]

Plaintiffs go to great lengths to explain the difficulties the Indiana Civil Liberties Union ("ICLU") encountered in submitting Freedom of Information Act ("FOIA") Requests. *See* Pl.'s Resp. Br. at 2-4. More specifically, Plaintiffs allege that the DOE flagrantly violated the FOIA for

---

[1] To the extent that Plaintiffs seek injunctive relief barring any potential future funding by the DOE for replication of the ACE program or declaratory relief that such funding would be unconstitutional under their general prayer for "all other proper relief," *see* Amend. Comp., such challenge is not ripe for review. *See Perry v. Sheahan*, 222 F.3d 309, 313 (7th Cir. 2001) (plaintiff had no standing to seek prospective relief because he "alleged only past injury, and cannot demonstrate a realistic threat" of future injury). Moreover, federal courts do not, as a rule, enjoin conduct that has been discontinued with no real prospect that it will be repeated. *See Ragsdale v. Turnock*, 841 F.2d 1358, 1365-55 (7th Cir. 1988), *appeal dismissed*, 503 U.S. 916 (1992). No evidence has been submitted by the parties indicates that a similar Grant will be applied for or issued.

over two years, and thereby delayed Plaintiffs' filing of the suit. While the ICLU may have submitted its first FOIA request to the DOE on July 9, 2001, if the ICLU believed that defendant had violated the FOIA, it could have filed suit for the documents in August 2001, under FOIA itself. *See* 5 U.S.C. §§ 52(a)(6)(A)(I), 552(a)(6)(C)(I) (deeming requestor to have exhausted administrative remedies if agency fails to comply with request for records within twenty business days of receipt, and allowing filing of suit). Instead, Plaintiffs continued to write letters, threatening suit only two years later, in July 2003. Rather than suing under the FOIA years ago to obtain the documents they claim were not forthcoming from the DOE or seeking emergency relief once suit was actually filed, Plaintiffs allowed the Grant period to end, and the money to be spent.[2]

      Plaintiffs also argue that the alleged Establishment Clause violation would be remedied if the DOE were ordered by the Court to recoup the Grant funds. *See* Pl.'s Resp. Br. at 1. Plaintiffs request such relief under their general prayer for "all other proper relief." *See* Amend. Comp. Even if the Court were to accept this relief as being appropriately pled, which is disputed by the parties, such a prayer does not constitute a monetary damages claim. While courts have held that a demand for money damages may save a claim from being moot, Plaintiffs' claim for recoupment is not such a form of relief. *See Global Relief Foundation, Inc. v. O'Neill*, 315 F.3d 748, 751 (7th Cir. 2002) ("suits seeking money damages, as [plaintiff] does, cannot become moot unless the defendant satisfies the plaintiff's demand"). *See also Cass County Music Co. v. Muedini*, 55 F.3d 263, 264 n. 4 (7th Cir. 1995); *Fulani v. Hogsett*, 917 F.2d 1028, 1030 (7th Cir. 1990), *cert. denied*, 501 U.S.

---

[2]     True, as Plaintiffs point out, the suit was filed weeks before the end of the Grant period and days before the last of the Grant funds were dispersed. However, Article III requires that there be a live controversy at the time a court decides a case, not just when the case was filed. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987). There exists no such live controversy in this case.

1206 (1991).

If monetary damages were sought as an appropriate remedy for a harm caused by the conduct of the Defendants, the Plaintiffs' claim may have been justiciable. But that is not the case here. Plaintiffs seek only a form of equitable relief by requesting that the Court order the DOE to recoup funds dispersed under the Grant, thereby restoring the funds to their rightful owner. "Damages," on the other hand, has a commonly understood meaning: it generally connotes payment in money for a plaintiff's losses caused by a defendant's breach of duty, and is different from equitable restitution. *See U.S. v. Balistrieri*, 981 F.2d 916, 928 (7th Cir. 1992) (citing *Rogers v. Loether*, 467 F.2d 1110, 1121-22 (7th Cir. 1972)). Moreover, the Plaintiffs have not provided, nor has the Court found, any case law to support Plaintiffs' position that the equitable remedy sought saves their claim from being dismissed on justiciability grounds.

## II.  CONCLUSION

For the foregoing reasons, the Court **DISMISSES AS MOOT** Plaintiffs, Joan Laskowski and Daniel M. Cook, Defendant Margaret Spellings, and Defendant-Intervenor's the University of Notre Dame, cross-motions for summary judgment, and the case is hereby **DISMISSED** with prejudice.

IT IS SO ORDERED this 13th day of May, 2005.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Electronically distributed to:

Michael A. Carvin
JONES DAY
macarvin@jonesday.com

John Leland Chaney
JONES DAY
jlchaney@jonesday.com

Leon F. DeJulius Jr.
JONES DAY
lfdejulius@jonesday.com

Kenneth J. Falk
INDIANA CIVIL LIBERTIES UNION
ken.falk@iclu.org

Erin Reilly Lewis
UNITED STATES ATTORNEY'S OFFICE
erin.lewis@usdoj.gov

Vesper Mei
U.S. DEPARTMENT OF JUSTICE
vesper.mei@usdoj.gov

Jacquelyn Bowie Suess
INDIANA CIVIL LIBERTIES UNION
jacquelyn.bowie-suess@iclu.org